UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN RENOJ VASQUEZ (A# 208-578-865),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-04139 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a motion to enforce the Court's order granting his temporary restraining order ("TRO"). ECF No. 15. Chief District Judge Nunley referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). ECF No. 16.

**FACTUAL AND PROCEDURAL HISTORY**

**I. Original § 2241 Petition**

Petitioner brought this now-closed action to challenge his arbitrary re-detention under the Due Process Clause of the Fifth Amendment. ECF No. 1. In a minute order dated June 5, 2026, District Judge Nunley granted Petitioner's motion for temporary restraining order ("TRO") and ordered his release. ECF No. 7. The order enjoined Respondents from "re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing." Id. On August 18, 2026, Judge Nunley adopted the

findings and recommendations that the petition be granted and the TRO relief be made permanent. ECF No. 13. The Clerk entered judgment for Petitioner the same day. ECF No. 14.

**II. Court-Ordered Bond Hearing**

The court-ordered pre-deprivation hearing was scheduled for July 28, 2026, but continued to August 13, 2026, at 1:00 p.m., after Petitioner's counsel suffered a medical emergency. ECF No. 15-1 at 4-11 (Motion to Continue). On the morning of the hearing, Petitioner suffered a mental health episode and went to an emergency room. Declaration of Mara Hayn ("Hayn Decl."), ¶ 6, ECF No. 15-1 at 26-27. Petitioner's counsel, Ms. Hayn, requested a continuance, which the immigration judge ("IJ") denied. Hayn Decl. ¶ 9, id. at 27. According to the hearing audio, the IJ determined that the continuance request, which Petitioner supported with a "generic school/work excuse" letter from the emergency care provider, ECF No. 15-1 at 30, was "nothing more than a delay tactic." ECF No. 20 at 7:43-8:05.

The IJ identified the government as bearing the burden of proof at the hearing. ECF No. 20 at 8:06-8:10. The IJ and DHS counsel went through the criminal history evidence with an emphasis on the most recent entries. Id. at 8:11-28:23. Petitioner's counsel presented evidence of Petitioner's pending asylum and withholding of removal applications lodged in 2017 and letters of support from Petitioner's reverend, employer, and former teacher, and evidence of Petitioner's voluntary enrollment in alcohol recovery and anger management courses. Id. at 28:24-31:42. After Petitioner's presentation, the IJ made an oral finding that Petitioner was a risk to public safety. The IJ summarized Petitioner's criminal history since 2021 and emphasized his history of DUI and domestic violence offenses. The IJ also found he was a flight risk based on his history of probation violations. Id. at 31:43-34:40. Petitioner arrived after the IJ declared he was denying bond. The IJ informed counsel that "[t]he Court entered its decision and its final. I'll allow you to explain that to him." Id. at 34:54-35:05.

The IJ issued a written decision after the hearing. ECF No. 21-1 at 3-7. It identifies the proceeding as a "pre-deprivation bond hearing" pursuant to the Court's TRO order dated June 5, 2026, and notes that Petitioner "failed to appear for his hearing despite being given proper notice." Id. at 4. The decision further explains that a pre-deprivation hearing "falls outside of the

bounds" of 8 U.S.C. § 1226, but that the IJ nonetheless "will rely on and apply precedential case law that addresses the factors" set out in Matter of Guerra, 24 I&N Dec. 37, 39 (BIA 2006). After laying out the Guerra factors and standard of review, the IJ determined that Petitioner presented a risk of danger and flight:

> Here, the Court finds that the evidence establishes the respondent is a danger to the community. See Guerra, 24 I&N Dec. at 38. The Department submitted the respondent's Rap sheet indicating that on July 10, 2026, he was arrested for DUI, reckless driving with injury, and violating a protective order. On February 2, 2026, he was found guilty of DUI. On February 21, 2025, he was found guilty of battery on a spouse, and felony false imprisonment. On July 17, 2023, the respondent was found guilty of DUI.
>
> Therefore, the Court finds there is sufficient evidence that the respondent poses a danger such that he should be re-detained during the pendency of his removal proceedings. The Court further finds that the respondent poses a flight risk as he has demonstrated a disregard for moral restraints imposed by the court to include conduct that constitutes probation violations.

ECF No. 21-1 at 5.

### III. Motion to Enforce

On August 19, 2026, Petitioner filed this motion to enforce the Court's TRO order. ECF No. 15. Petitioner alleges that the IJ's order violated due process and the Court's order. He states that the IJ did not consider his submitted evidence, apply the correct standard or burdens of proof, or consider alternatives to detention. Id. at 5. He also claims that the IJ violated due process by holding the hearing without him present. Id. Citing various news articles, Petitioner further alleges that the Executive Office of Immigration Review's ideological capture precludes impartial adjudication of Petitioner's bond request. Id. at 10-20. Petitioner seeks immediate release or, in the alternative, a court order setting bond in the amount $5,000. Id. at 6.

Respondents urge the Court to deny the motion. They counter that they have complied with the Court's order, and that IJ denied bond after DHS established Petitioner's risk of danger and flight by clear and convincing evidence. ECF No. 21 at 1. They further contend that the IJ properly denied the continuance requests and that, regardless, Petitioner suffered no prejudice because he was represented by counsel who presented evidence and argument on his behalf. Id. at 2. Finally, Respondents argue that the Court should require Petitioner to appeal the continuance and bond denials to the Board of Immigration Appeals ("BIA"). Id. at 3.

Petitioner filed a reply in which he reiterates the IJ did not consider or mark into evidence his evidence of his community and family ties, employment, educational achievements, good moral character and efforts at rehabilitation. ECF No. 22 at 5-6. He adds that the criminal history evidence relied on by DHS counsel and the IJ was unreliable, as evidenced by DHS counsel's and the IJ's difficulty in deciphering them at hearing. Id. at 8-9. Likening a bond hearing to a federal criminal proceeding, he argues that "[a] hearing where one is not permitted to be present does not comply with due process." Id. at 4 (citing Fed. R. Crim. P. 43(a), (b)(2)).

**LEGAL STANDARD**

The IJ denied Petitioner bond on August 13, 2026, several days before the issuance of the final judgment in this case. Therefore, although Petitioner's motion is styled as a "motion to enforce judgment," the undersigned construes it as seeking to enforce Judge Nunley's June 5, 2026, TRO order only. ECF No. 7.

A district court has continuing jurisdiction to enforce its injunctions. Crawford v. Honig, 37 F.3d 485, 488 (9th Cir. 1994); Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. Kia America, Inc. v. Rally Auto Group, Inc., Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. Clark v. Coye, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." United States v. Holtzman, 762 F.2d 720, 726 (9th Cir. 1985).

Petitioner seeks to enforce the Court's order that he receive a constitutionally adequate, pre-deprivation hearing. ECF No. 7. "Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations." Kumar v. Noem, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026). In constitutional challenges to an IJ's

detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence[,]" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

Incorporating the two standard-of-review doctrines discussed above, the undersigned next determines whether Petitioner has shown clearly and convincingly that the IJ erred in a way prohibited by the Court's order in the underlying habeas action. The undersigned will also determine whether Petitioner has shown clearly and convincingly that the IJ abused her discretion in determining that he is a danger and flight risk by clear and convincing evidence.

## DISCUSSION

### I. Exhaustion

The undersigned first addresses Respondents' argument that Petitioner is required to exhaust administrative remedies. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'"

unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo, 646 F.3d at 1161). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Assuming without deciding that the prudential exhaustion applies to a motion to enforce an injunction, the undersigned finds it is not required under the Puga factors. An administrative record is not necessary to resolve the due process issues raised in Petitioner's motion. Further, "[w]aiver of the prudential exhaustion requirement will not encourage the deliberate bypass of the administrative scheme in future cases because this is a unique circumstance in which Petitioner seeks to enforce a federal court injunction." Gurpreet S. v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-00437-TLN-JDP, 2026 WL 1678332, at *3 (E.D. Cal. June 10, 2026).

The undersigned separately finds that requiring Petitioner to exhaust his constitutional challenge to the IJ's bond denial would be futile. Generally, noncitizens are not required to exhaust such claims because they exceed the jurisdiction of the BIA. See Hernandez, 872 F.3d at 988–89 (affirming district court decision to waive exhaustion requirement in constitutional challenge to detention hearings); Garcia v. Hyde, 817 F.Supp.3d 112, 125-27 (D.R.I. 2025) (finding the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile"). Accordingly, the undersigned will proceed to the merits of Petitioner's arguments.

## II. The IJ Did Not Articulate the Appropriate Burden of Proof

The Parties do not dispute that the government bore the burden of proving that Petitioner was a risk of danger or flight by clear and convincing evidence.[1] This standard requires the

---

[1] While the Court's minute order granting the TRO does not require the IJ to bear the burden of proof by clear and convincing evidence, it incorporates the Court's decisions in Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025), and Jorge L.G.C. v. Warden of the California City Corr. Ctr., No. 1:26-CV-03680-TLN-CSK, 2026 WL 1362990, at *4 (E.D. Cal. May 15, 2026). In both cases, the Court held due process required the respondents to "demonstrate by clear and convincing evidence that Petitioner poses a danger

government to present evidence that establishes "an abiding conviction that the truth of its factual contentions at issue are highly probable." Mondaca-Vega v. Lynch, 808 F.3d 413, 422 (9th Cir. 2015) (en banc) (quoting Colorado v. New Mexico, 467 U.S. 310, 316 (1984)). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." Colorado, 467 U.S. at 316. When reviewing a bond decision pursuant to a habeas petition, absent any "red flags," the district court should assume that the IJ applied the standard that it announced in its bond memorandum review of the immigration judge's bond decision. Martinez, 124 F.4th at 785.

While the bond memorandum is silent as to a burden of proof, ECF No. 21-1 at 4-5, the audio shows that the IJ declared the government bore the burden. Still, there are red flags that suggest the IJ did not hold the government to the more stringent "clear and convincing" standard. For instance, the IJ wrote in the bond memorandum that there was "sufficient evidence" that Petitioner posed a danger. Id. at 5; see also id. ("[T]he evidence establishes the respondent is a danger to the community."). But sufficient to meet what standard? Clear and convincing evidence "requires more than proof by a preponderance of the evidence and less than proof beyond a reasonable doubt." Singh v. Holder, 649 F.3d 1161, 1168 (9th Cir. 2011). The IJ's lack of precision shows he may have applied a lesser evidentiary burden.

Further, the IJ emphasized that he has "extremely broad discretion in deciding whether or not to release [a noncitizen] on bond." ECF No. 21-1 at 4 (citing Guerra, 24 I. & N. Dec. at 39). But in ruling on a procedurally similar motion to enforce, the undersigned explained that the clear and convincing standard limits an IJ's typically broad discretion under the INA:

> [An IJ's broad discretion] may be true in a generic bond proceeding under 8 U.S.C. § 1226. But as explained in Martinez, it is not true in a constitutionally mandated proceeding involving a heightened burden on DHS. Just as in Martinez, here a habeas court had already ruled that "due process requires the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing." Martinez, 124 F.4th at 784 (quoting Martinez v. Clark, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13, 2019)). "That determination did not leave room for an added layer of agency discretion;" if the IJ "found that [petitioner] was not dangerous, [the IJ] would have had to release

---

to the community or a flight risk."

> him." Id. Thus, the "IJ's reference to broad discretion imported a legal standard at odds with the preliminary injunction.

Y.S.G. v. Andrews, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *9 (E.D. Cal. Oct. 22, 2025). In all, there are too many red flags in the record for the undersigned to confidently conclude that the IJ applied the heightened standard required by Judge Nunley's TRO order. Petitioner is entitled to relief on this basis alone.

**III. The IJ Failed to Consider Petitioner's Mitigation Evidence**

Even if the IJ had specified that he applied the clear and convincing standard, his failure to consider any of Petitioner's evidence was an abuse of discretion. Neither the audio nor the written bond memorandum reflects any engagement by IJ with Petitioner's evidence at all. After Petitioner's counsel concluded her evidentiary presentation during the hearing, the IJ immediately issued his findings and decision without follow-up. See ECF No. 20 at 31:39. Meaningful evaluation of mitigation evidence relevant to danger and flight is necessary to ensure that the "high burden" of the clear and convincing standard is "demonstrated in fact, not 'in theory.'" Obregon v. Sessions, No. 17-CV-01463-WHO, 2017 WL 1407889, at *7 (N.D. Cal. Apr. 20, 2017) (quoting United States v. Patriarca, 948 F.2d 789, 792 (1st Cir. 1991)); see also Cole v. Holder, 659 F.3d 762, 771 (9th Cir. 2011) (explaining that if "the agency did not consider all the evidence before it, a catchall phrase does not suffice, and the decision cannot stand.").

The IJ's failure to consider Petitioner's evidence also infected his Guerra analysis. "To determine whether [a noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." Martinez, 124 F.4th at 783 (citing Guerra, 24 I. & N. Dec. 37). The nine factors are: "(1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee

prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States." Id.

Here, both during the bond hearing and in his written bond memorandum decision, the IJ did not consider any Guerra factor besides Petitioner's criminal history. In particular, he wholly ignored Petitioner's evidence of full-time employment with a construction company and his pending asylum and withholding of removal applications. To be sure, the IJ's consideration of Petitioner's criminal history and emphasis on his most recent incidents was appropriate. "'[T]he Guerra factor most pertinent to assessing dangerousness' is 'the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.'" Martinez, 124 F.4th at 783 (quoting Singh, 638 F.3d at 1206). Moreover, given Petitioner's criminal history, which includes a July 2026 DUI arrest *after* this Court ordered his release, it is certainly possible that the criminal history factor outweighed any mitigating evidence presented by Petitioner's counsel. But the IJ's consideration of this factor to the total exclusion of all others deprived Petitioner of due process and violated the Court's TRO order. See Marco Antonio B.R. v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-00810-TLN-CSK, 2026 WL 2110860, at *3 (E.D. Cal. July 22, 2026) (noting seriousness of Petitioner sexual abuse of minor conviction but finding that the IJ's failure to consider his evidence packet or any other Guerra factors "was a deprivation of Petitioner's right to due process").

For this additional reason, the undersigned finds that the IJ's decision violated the Court's TRO ruling and recommends the motion to enforce be granted.[2]

**IV. Remedy**

The undersigned has considered Petitioner's request for release and his alternative request for a setting of bond. The undersigned has also considered cases where the Court has granted a motion to enforce but ordered a post-deprivation remedy. See, e.g., H.F. v. Albarran, No. 1:25-CV-01795-TLN-EFB, 2026 WL 2210012, at *7 (E.D. Cal. July 31, 2026) (granting motion to enforce but finding "a new due process hearing, rather than immediate release, is the appropriate

[2] As a matter of judicial economy, the undersigned does not address Petitioner's other alleged errors.

remedy" where the "two-day pre-deprivation hearing with presentation of argument, witness testimony, and evidence, provided Petitioner with some amount of process").

In tailoring the remedy for this due process violation, the undersigned is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Under ordinary circumstances, the proper remedy for enforcing that TRO order would be to order Petitioner's immediate release, to restore Petitioner to the position he was in prior to the non-compliant pre-deprivation hearing. However, given the recency of Petitioner's apparent criminal history, including an apparent DUI arrest after his release from ICE custody, a post-deprivation remedy is appropriate.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to enforce judgment (ECF No. 15) be GRANTED as follows:
   a. Respondents be ORDERED to convene a new detention hearing, where the government will bear the burden by clear and convincing evidence, of demonstrating that Petitioner presents a serious risk of flight or danger to the community;
   b. Such hearing occur within fourteen days; and
   c. Petitioner and Petitioner's immigration counsel be provided at least seven days of notice in advance of such hearing.
2. Petitioner's motion for temporary restraining order (ECF No. 23) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE